**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Manolin Jason Mercado,<br>                    Plaintiff,<br><br>     v.<br><br>Prime 570, Inc. d/b/a Pub 570,<br>Brittany Marie DeBias, and<br>PJJLN Enterprises, LLC d/b/a Sticks N<br>Stones Bar and Grill,<br>                    Defendants. | No.<br><br>**JURY TRIAL DEMANDED**<br><br>ELECTRONICALLY FILED |

### CIVIL ACTION - COMPLAINT

Plaintiff, Manolin Jason Mercado, by his counsel, brings this action against the above-named Defendants and in support thereof avers as follows:

### JURISDCTION

1. The jurisdiction of this Court is predicated upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

## THE PARTIES

2. Plaintiff, Manolin Jason Mercado, is an adult individual and citizen of the State of New York, residing at 6300 Riverdale Avenue, Apt. 1-G, Bronx, NY 10471.

3. Defendant, Prime 570, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at 9 Fox Run Lane, East Stroudsburg, PA 18301.

4. At all relevant times, Defendant, Prime 570, Inc., did business as Pub 570, located at 5261 Milford Road, East Stroudsburg, PA 18302. Pub 570 was in the restaurant business and in the business of selling and dispensing alcohol, liquor, malt and/or brewed beverages to the public pursuant to a license that was issued by the Pennsylvania Liquor Control Board, and was procured by Prime 570, Inc.

5. Defendant, Brittany Marie DeBias, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at N1 Pocono Mobile Homes, East Stroudsburg, PA 18302.

6. At all relevant times, Defendant, Brittany Marie DeBias, was an employee, servant and/or agent of Defendant, Prime 570, Inc. d/b/a Pub 570.

7. Defendant, PJJLN Enterprises, LLC ("PJJLN"), is a limited liability company organized and existing under the laws of the Commonwealth of

Pennsylvania with a principal place of business at 5216 Milford Road, East Stroudsburg, PA 18301.

8. At all relevant times, PJJLN did business as Sticks N Stones Bar and Grill ("Sticks N Stones"), located at 5216 Milford Road, East Stroudsburg, PA 18302. Sticks N Stones was in the restaurant business and in the business of selling and dispensing alcohol, liquor, malt and/or brewed beverages to the public pursuant to a license that was issued by the Pennsylvania Liquor Control Board, and was procured by PJJLN.

9. At all relevant times, Defendants, Prime 570, Inc. d/b/a Pub 570 and PJJLN d/b/a Sticks N Stones acted through their agents, employees and servants, all of whom were acting with and under the authority of Defendants, Prime 570, Inc. d/b/a Pub 570 and PJJLN d/b/a Sticks N Stones.

## FACTS

10. On May 2, 2010, Plaintiff, Manolin Jason Mercado, was a business invitee of Pub 570 pursuant to an invitation to purchase and consume alcoholic beverages extended by Pub 570 and its authorized agents, representatives, servants, workmen and/or employees, acting within the course and scope of their authority or employment.

11. On May 2, 2010, in the regular course of her employment, Defendant, Brittany Marie DeBias, a bartender at Pub 570, served alcoholic beverages to Plaintiff while he was visibly intoxicated and incapable of safe driving.

12. After her shift ended, Defendant, Brittany Marie DeBias, drove Plaintiff in Plaintiff's vehicle to another establishment that served alcoholic beverages: Sticks N Stones.

13. Plaintiff was a business invitee of Sticks N Stones pursuant to an invitation to purchase and consume alcoholic beverages extended by Sticks N Stones and its authorized agents, representatives, servants, workmen and/or employees, acting within the course and scope of their authority or employment.

14. At Sticks N Stones, Plaintiff was served alcoholic beverages while he was visibly intoxicated and incapable of safe driving.

15. Plaintiff then left the premises of Sticks N Stones, and operated his motor vehicle while visibly and legally intoxicated.

16. At approximately 9:20 p.m., shortly after leaving the premises of Sticks N Stones, Plaintiff drove off of the roadway, rolling his vehicle several times.

17. The negligence, negligence per se, carelessness, recklessness and/or willful and wanton misconduct of Defendants directly and proximately caused severe and permanent physical and emotional injuries to Plaintiff, including but not

limited to, paralysis, fracture of the spinous process of C7, extensive hemorrhage within the spinal canal from C7 through T4, spinal cord injury, left-sided pneumothorax, bilateral first rib fractures, concussion, closed head injury, neurogenic shock, abrasions, contusions, lacerations, mental anguish, emotional suffering and humiliation.

18. The negligence, negligence per se, carelessness, recklessness and/or willful and wanton misconduct of Defendants directly and proximately caused Plaintiff to suffer injuries that have precluded him and will in the future continue to preclude him from fully enjoying the ordinary pleasures of life and from participating in his ordinary activities and avocations.

19. The negligence, negligence per se, carelessness, recklessness and/or willful and wanton misconduct of Defendants directly and proximately caused Plaintiff to incur in the past and will continue to cause Plaintiff to incur substantial medical and medically-related expenses, life-care expenses, and additional expenses.

20. The negligence, negligence per se, carelessness, recklessness and/or willful and wanton misconduct of Defendants directly and proximately caused Plaintiff to suffer in the past and will continue to cause him to suffer in the future the loss and depreciation of his earnings and earnings capacity.

21. The injuries suffered by Plaintiff are the direct result of the negligence, negligence per se, carelessness, recklessness and/or willful and wanton misconduct of all Defendants, jointly and severally, including their agents, servants and/or employees.

## COUNT I – NEGLIGENCE
## MANOLIN JASON MERCADO V. PRIME 570, INC. D/B/A PUB 570

22. Plaintiff incorporates all paragraphs as if fully set forth herein.

23. The negligence, negligence per se, carelessness, recklessness and/or willful and wanton misconduct of Defendant, Prime 570, Inc. d/b/a Pub 570, included, among the following:

    a. Violating Pennsylvania's Dram Shop Act, 47 P.S. §§ 4-493;

    b. Serving, furnishing and/or giving liquor or malt or brewed beverages to Plaintiff at a time when he was visibly intoxicated;

    c. Serving, furnishing and/or giving liquor or malt or brewed beverages to Plaintiff at a time when it was not safe or reasonable to do so;

    d. Allowing Plaintiff to leave the premises and operate a motor vehicle at a time when he could not safely do so;

    e. Failing to exercise reasonable care in rendering services to Plaintiff which resulted in an increased risk of harm to Plaintiff;

 f. Failing to exercise reasonable care in rendering services to Plaintiff which Plaintiff relied upon;

 g. Failing to adequately train employees of Pub 570 regarding the requirements of the Dram Shop Act;

 h. Failing to adequately train employees of Pub 570 regarding the identification of visibly intoxicated patrons;

 i. Failing to adequately train employees of Pub 570 regarding the safe and reasonable service of alcohol;

 j. Failing to prohibit the service of alcoholic beverages to visibly intoxicated patrons;

 k. Failing to create, implement and/or enforce policies or procedures regarding the safe and reasonable service of alcoholic beverages to the public;

 l. Failing to create, implement and/or enforce policies or procedures for the reporting of intoxicated patrons;

 m. Failing to create, implement and/or enforce policies or procedures for the management of intoxicated patrons;

 n. Failing to create, implement and/or enforce policies or procedures for employees of Pub 570 to report visibly intoxicated patrons;

  o. Failing to adequately train, monitor and supervise employees of Pub 570; and

  p. Failing to act in a careful, reasonable and/or prudent manner.

24. The above acts and omissions of Defendant were the direct and proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff demands the following relief against Defendant, Prime 570, Inc. d/b/a Pub 570:

 A. Compensatory damages in an amount in excess of $75,000;

 B. Punitive damages; and

 C. Interest, costs and such other relief as this Court may deem appropriate under the circumstances.

## COUNT II – NEGLIGENCE
## MANOLIN JASON MERCADO V. BRITTANY MARIE DEBIAS

25. Plaintiff incorporates all paragraphs as if fully set forth herein.

26. The negligence, negligence per se, carelessness, recklessness and/or willful and wanton misconduct of Defendant, Brittany Marie DeBias, included, among other things, the following:

  a. Violating Pennsylvania's Dram Shop Act, 47 P.S. §§ 4-493;

  b. Serving, furnishing and/or giving liquor or malt or brewed beverages to Plaintiff at a time when he was visibly intoxicated;

  c. Serving, furnishing and/or giving liquor or malt or brewed beverages to Plaintiff at a time when it was not safe or reasonable to do so;

  d. Failure to recognize the indicators of visible intoxication;

  e. Allowing Plaintiff to leave the premises and operate a motor vehicle at a time when he could not safely do so;

  f. Failing to exercise reasonable care in rendering services to Plaintiff which resulted in an increased risk of harm to Plaintiff;

  g. Failing to exercise reasonable care in rendering services to Plaintiff which Plaintiff relied upon;

  h. Failure to follow policies or procedures, if any, regarding intoxicated patrons; and

  i. Failing to act in a careful, reasonable and/or prudent manner.

27. The above acts and omissions of Defendant were the direct and proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff demands the following relief against Defendant, Brittany Marie DeBias:

 A. Compensatory damages in an amount in excess of $75,000;

 B. Punitive damages; and

C.     Interest, costs and such other relief as this Court may deem appropriate under the circumstances.

### COUNT III – NEGLIGENCE
### MANOLIN JASON MERCADO V. STICKS N STONES AND PJJLN

28.    Plaintiff incorporates all paragraphs as if fully set forth herein.

29.    The negligence, negligence per se, carelessness, recklessness and/or willful and wanton misconduct of Defendant, PJJLN d/b/a Sticks N Stones, included, among the following:

    a.    Violating Pennsylvania's Dram Shop Act 47, P.S. §§ 4-493;

    b.    Serving, furnishing and/or giving liquor or malt or brewed beverages to Plaintiff at a time when he was visibly intoxicated;

    c.    Serving, furnishing and/or giving liquor or malt or brewed beverages to Plaintiff at a time when it was not safe or reasonable to do so;

    d.    Allowing Plaintiff to leave the premises and operate a motor vehicle at a time when he could not safely do so;

    e.    Failing to adequately train employees of Sticks N Stones regarding the requirements of the Dram Shop Act;

    f.    Failing to adequately train employees of Sticks N Stones regarding the identification of visibly intoxicated patrons;

    g.    Failing to adequately train employees of Sticks N Stones regarding the safe and reasonable service of alcohol;

    h.    Failing to prohibit the service of alcoholic beverages to visibly intoxicated patrons;

    i.    Failing to create, implement and/or enforce policies or procedures regarding the safe and reasonable service of alcoholic beverages to the public;

    j.    Failing to create, implement and/or enforce policies or procedures for the reporting of intoxicated patrons;

    k.    Failing to create, implement and/or enforce policies or procedures for the management of intoxicated patrons;

    l.    Failing to create, implement and/or enforce policies or procedures for employees of Sticks N Stones to report visibly intoxicated patrons;

    m.    Failing to adequately train, monitor and supervise employees of Sticks N Stones; and

    n.    Failing to act in a careful, reasonable and/or prudent manner.

30.    The above acts and omissions of Defendant were the direct and proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff demands the following relief against Defendant, PJJLN d/b/a Sticks N Stones:

A. Compensatory damages in an amount in excess of $75,000;

B. Punitive damages; and

C. Interest, costs and such other relief as this Court may deem appropriate under the circumstances.

**LAW OFFICES OF ROBERT W. SINK**

By: s/ Robert W. Sink
ROBERT W. SINK, ESQUIRE
(PA 73201)
Four Penn Center
1600 J.F.K. Boulevard, Suite 503
Philadelphia, PA 19103
Tel:   215-729-3333
Fax:   215-475-4600
Email:  rsink@sinklawoffices.com

*Attorney for Plaintiff,*
*Manolin Jason Mercado*